

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-27-2008

# Gunawan v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1108

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

## Recommended Citation

"Gunawan v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1140.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1140

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 07-1108

WAWAN GUNAWAN,

Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
(No. A79-734-303)

Submitted pursuant to Third Circuit LAR 34.1(a)
March 27, 2008

Before: McKEE, RENDELL and TASHIMA[*], Circuit Judges

(Opinion Filed: May 27, 2008)

OPINION

TASHIMA, *Circuit Judge*.

Wawan Gunawan petitions for review of a Board of Immigration Appeals ("BIA")

decision upholding an Immigration Judge's ("IJ") denial of his application for

_____

[*]Honorable A. Wallace Tashima, Senior Judge of the United States Court of
Appeals for the Ninth Circuit, sitting by designation.

withholding of removal and relief under the Convention Against Torture ("CAT"). Because the IJ's decision is supported by substantial evidence and Gunawan failed to raise all claims before the BIA, we deny in part and dismiss in part the petition for review.

## I.

Inasmuch as we write primarily for the parties, we do not set forth the factual or procedural history except insofar as it is helpful to our brief discussion. Gunawan is an ethnic Chinese citizen of Indonesia and a Christian. On May 15, 1998, Gunawan was the victim of two robberies during a period of widespread rioting in his home country. Gunawan was robbed and punched while working at his uncle's clothing store in Jakarta. After the robbery, Gunawan attempted to ride home on his motorcycle but was accosted by a group of unknown people who stole his motorcycle. He sustained minor leg injuries from the motorcycle robbery. Gunawan remained in Indonesia for six months before fleeing to the United States on November 29, 1998. Gunawan entered the United States as a non-immigrant visitor with authorization for a six-month stay until May 28, 1999, and overstayed his visa. On March 11, 2003, Gunawan was served with a Notice to Appear. He conceded removability and applied for withholding of removal and relief under the CAT. The IJ denied his application and the BIA summarily affirmed.

## II.

When, as here, the BIA summarily affirms the IJ's decision, "we review the IJ's decision as the final agency determination." *Konan v. Attorney Gen.*, 432 F.3d 497, 500

2

(3d Cir. 2005) (citing *Berishaj v. Ashcroft*, 378 F.3d 314, 322 (3d Cir. 2004)).  We review

the IJ's decision under the "substantial evidence" standard.  *Abdille v. Ashcroft*, 242 F.3d

477, 483 (3d Cir. 2001).  "Under this deferential standard the IJ's 'finding must be upheld

unless the evidence not only supports a contrary conclusion, but compels it.'" *Kibinda v.*

*Attorney Gen.*, 477 F.3d 113, 119 (3d Cir. 2007) (quoting *Abdille*, 242 F.3d at 483-84).

## A.  Withholding of Removal

Gunawan contends that the IJ erred in finding that he did not qualify for

withholding of removal.[1]  To establish eligibility for withholding of removal, an applicant

must establish a "clear probability of persecution," meaning that it is more likely than not

that he would be persecuted if removed to his home country.  *Zubeda v. Ashcroft*, 333

F.3d 463, 469 (3d Cir. 2003); *see also INS v. Cardoza-Fonesca*, 480 U.S. 421, 423

(1987).  Persecution includes "'threats to life, confinement, torture, and economic

restrictions so severe that they constitute a threat to life or freedom.'" *Kibinda*, 477 F.3d

at 119 (quoting *Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir. 1993)).  A "[p]etitioner's

burden in showing persecution is high, and . . . 'generally harsh conditions shared by

many other persons do not amount to persecution.'" *Al-Fara v. Gonzales*, 404 F.3d 733,

740 (3d Cir. 2005) (quoting *Fatin,* 12 F.3d at 1240).  The BIA has stressed that

persecution must be "inflicted either by the government of a country or by persons or an

---

[1]"[T]he Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion."  INA § 241 (b)(3)(A), 8 U.S.C. § 1231(b)(3)(A).

organization that the government [is] unable or unwilling to control." *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985). A finding of past persecution gives rise to a rebuttable presumption of future persecution. 8 C.F.R. § 208.16(b)(1)(i).

Gunawan fails to provide evidence of a "clear probability" of persecution, past or future, in Indonesia because of his ethnicity or religion that would compel us to reverse the IJ's decision.

Substantial evidence supports the IJ's finding that Gunawan suffered no past persecution. First, substantial evidence supports the IJ's conclusion that Gunawan was the victim of criminal activity, not persecution on account of his ethnicity. Gunawan testified that both robberies were motivated by monetary gain, not by his ethnicity. While Gunawan provided evidence of widespread rioting against ethnic Chinese people in Indonesia during May 1998, the IJ was "nevertheless entitled to rely on the evidence that, in [Gunawan's] particular case, the robberies were motivated by money." *Lie v. Ashcroft*, 396 F.3d 530, 535 (3d Cir. 2005). Second, the incidents do not rise to the level of persecution because the harm suffered was not sufficiently severe. *Lie*, 396 F.3d at 536 ("Simple robbery, in isolation, while unfortunate and troubling, does not seem to meet [the] stringent standard [required for persecution].").

Substantial evidence also supports the IJ's conclusion that Gunawan did not establish a clear probability of future persecution. Gunawan had to show that (1) he would be singled out for persecution, or (2) there is a pattern or practice of persecution of

4

ethnic Chinese Christians in Indonesia. *See* 8 C.F.R. § 208.16(b)(2). Gunawan provided no evidence that he would be singled out based on his ethnicity or religions beliefs. Indeed, Gunawan remained in Indonesia for six months after the two robberies without incident. Substantial evidence also supports the IJ's determination that there was no pattern or practice of persecution in Indonesia against ethnic Chinese Christians. Country Reports provided by Gunawan showed that instances of discrimination and harassment against ethnic Chinese individuals had declined in recent years and that most of Indonesia's population enjoyed a high amount of religious freedom. Finally, Gunawan failed to provide evidence that the persecution was perpetrated by the Indonesian government or by "persons . . . that the government was unable or unwilling to control." *Matter of Acosta*, 19 I. & N. Dec. at 222. Where violence is "primarily wrought by fellow citizens," rather than "government action or acquiescence," an application will be denied. *Lie*, 396 F.3d at 537-38. Thus, the evidence does not compel us to reverse the IJ's decision denying Gunawan withholding from removal.

### B. CAT and Due Process Claims

Gunawan contends that the IJ erred by denying him relief under the CAT and that his procedural due process rights were violated because the IJ failed to review all of the evidence in the record. "[8 U.S.C.] Section 1252(d)(1) provides for judicial review of final orders of removal 'only if . . . the alien has exhausted all administrative remedies available to the alien as of right.' Thus an alien is required to raise and exhaust his or her

5

remedies as to each claim or ground for relief if he or she is to preserve the right of judicial review of that claim." *Abdulrahman v. Ashcroft*, 330 F.3d 587, 594-95 (3d Cir. 2003). The only issue raised on appeal to the BIA was whether Gunawan should be granted withholding of removal. Thus, this court lacks jurisdiction to review Gunawan's CAT and due process claims.

## II.

For the reasons set forth above, we will dismiss in part and deny in part Gunawan's petition for review.